IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

VANDRE MINNIFIELD,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　v.　　　　　　　　　　　　　　　)　CIVIL ACTION NO. 3:17-CV-455-WKW
　　　　　　　　　　　　　　　　　)　　　　　　　　[WO]
LEE COUNTY, *et al.*,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　Defendants.　　　　　　　　　)

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Lee County Detention Center in Opelika, Alabama, brings this 42 U.S.C. § 1983 action seeking his release from incarceration and damages for every day he has remained in prison since his arrest.[1] Plaintiff names as defendants Lee County, the Opelika Police Department, and his attorney—Phillip Tyler. Upon review, the court concludes this case is due to be summarily dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B).[2]

### **I. DISCUSSION**

**A.　Phillip Tyler, Esq.**

Plaintiff sues his attorney Phillip Tyler. An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the constitutional violation about which the plaintiff complains. *Am. Manuf. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v.*

---

[1] According to the complaint Plaintiff was arrested in May of 2016 on a charge of first degree theft of property. He believes, however, the charge against him should be receiving stolen property. Doc. 1.

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have her complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*Taylor*, 451 U.S. 527 (1981); *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "both an alleged constitutional deprivation . . . and that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *Am. Manuf.*, 526 U.S. at 50 (emphasis in original). An attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk Cty. v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal Dist. Court No*. 3, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."). In light of the foregoing, the complaint against Defendant Tyler is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams*, 490 U.S. 319, 327 (989).

B.     **The Opelika Police Department**

Plaintiff names the Opelika Police Department as a defendant. To allege a viable § 1983 claim, a plaintiff must name as a defendant an entity subject to being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is "determined by the law of the state in which the district court is held." *Id*. Both federal and state law are well settled that a county sheriff's department is not a legal entity subject to suit or liability. *Id*.; *White v. Birchfield*, 582 So..2d 1085, 1087 (Ala. 1991). Moreover, the Alabama Supreme Court has made it equally clear that other "departments and subordinate entities of municipalities, counties and towns" such as police departments and drug task forces "lack[ ] the capacity to sue or be sued." *Ex parte Dixon*, 55 So..3d 1171, 1172 n.1 (Ala. 2010). Based on the foregoing, the court concludes the Opelika Police Department is not a legal entity subject to suit, and Plaintiff's claims against this defendant are due to be dismissed. *Neitzke,* 490 U.S. at 327.

### C. Lee County

Plaintiff names Lee County as a defendant. Section 1983 imposes liability on a municipality such as Lee County only if it deprives a plaintiff of rights protected by the Constitution or federal law under an official municipal policy. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Additionally, governmental entities such as Lee County cannot be held liable under 42 U.S.C. § 1983 on a theory of *respondeat superior*. *Id.* at 694; *Canton v. Harris*, 489 U.S. 378, 385 (1989) ("[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue. *Respondeat superior* or vicarious liability will not attach under 19§83."). Nor may a county be held liable under § 1983 simply because it employs a tortfeasor. *See Monell,* 436 U.S. at 691.

In this case, other than naming Lee County as defendant, Plaintiff makes no allegations against this entity. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (*citing Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam). Consequently, Plaintiff's claims against Lee County are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

## II. CONCLUSION

---

[3] To the extent Plaintiff seeks intervention by this court into criminal proceedings ongoing before the Circuit Court of Lee County, *Younger v. Harris*, 401 U.S. 37 (1971), directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with ongoing state criminal proceedings except under very limited circumstances. A stay of the proceedings may be appropriate in an action for damages brought during the pendency of state criminal proceedings. *See Wallace v. Kato*, 549 U.S. 384, 393–94; (2007); *Heck v. Humphrey*, 512 U.S. 477, 487 n. 8 (1994) ("if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings"). The court, however, does not find a stay appropriate in this case.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's § 1983 claims against Defendants Opelika Police Department and Phillip Tyler be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

2. Plaintiff's § 1983 claims against Defendant Lee County be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

3. This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

It is further

ORDERED that **on or before September 11, 2017**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file a written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 28th day of August, 2017.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE